1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9    ROBERT J. COLLINS,                              )
                                                     )
10                        Petitioner,                )       **Case No. 3:03-cv-00306-LRH-VPC**
                                                     )
11   vs                                              )
                                                     )       <u>ORDER</u>
12   AL HERRERA, et al.,                             )
                                                     )
13                        Respondents.               )
     _____)
14

15          Before the court are Petitioner's Petition for a Writ of Habeas Corpus (Docket #7),

16   Respondents' Answer (Docket #29), Petitioner's Rebuttal to Respondents' Answer (Docket #52),

17   Respondents' Reply to Petitioner's Rebuttal of Respondents' Answer (Docket #55), and Petitioner's

18   Reply and Rebuttal of Respondents' Reply to Petitioner's Rebuttal of Respondents' Answer (Docket

19   #56).  For the reasons stated below, the court finds that many of Petitioner's federal habeas claims

20   remain unexhausted.

21          A federal court will not grant a state prisoner's petition for habeas relief until the prisoner

22   has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982);

23   28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his

24   claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838,

25   844 (1999); *See also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until

26   the petitioner has given the highest available state court the opportunity to consider the claim through

1   direct appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir.

2   2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

3            A habeas petitioner must "present the state courts with the same claim he urges upon the

4   federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of

5   a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.

6   *Ybarra v. Sumner*, 678 F.Supp. 1480, 1481 (D. Nev. 1988) *citing Picard*, 404 U.S. at 276.  To achieve

7   exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the

8   United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

9   federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995), *See Hiivala v. Wood,* 195 F.3d 1098, 1106

10  (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to

11  potential litigants: before you bring any claims to federal court, be sure that you first have taken each

12  one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001), *quoting Rose v. Lundy,* 455 U.S.

13  509, 520 (1982).

14           A claim is not exhausted unless the petitioner has presented to the state court the

15  same operative facts and legal theory upon which his federal habeas claim is based.  *Bland v.*

16  *California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is

17  not met when the petitioner presents to the federal court facts or evidence which place the claim in a

18  significantly different posture that it was in the state courts, or where different facts are presented at

19  the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir.

20  1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.Supp.

21  455, 458 (D.C.Nev. 1984).

22           In the present case, many, if not all of Petitioner's federal habeas claims remain

23  unexhausted.

24  ///

25  ///

26

2

**A.     Ground 1**

Ground 1 of Petitioner's federal habeas petition alleges that Petitioner's 5th, 6th and 14th Amendment rights to confront witnesses were violated when he was never informed that a key state witness, his ex-wife, had undergone hypnosis prior to testifying.  Although Petitioner claims in his petition that he exhausted this ground through his direct appeal, and in a first and second post-conviction petition, a review of the record demonstrates that Petitioner has never presented this ground in state court.  Ground 1 is therefore unexhausted.

**B.     Ground 7**

Ground 7 of Petitioner's federal habeas petition alleges that his 6th and 14th Amendment rights to a fair trial were violated when the trial court refused to allow Petitioner to present impeachment evidence regarding the arresting officer's history on the police force.  Once again, Petitioner claims he presented this ground for relief to the Nevada Supreme Court in a direct appeal, and a first and second post-conviction petition.  And once again, a review of the record demonstrates that Petitioner has not presented this ground in state court.  Ground 7 is unexhausted.

**C.     Ground 6**

Ground 6 of Petitioner's federal habeas petition alleges that his 5th, 6th and 14th Amendment rights to a fair trial were violated when the court failed to give various jury instructions.  Although Petitioner did present a similar claim in his direct appeal in state court, the claim was based solely on state law and did not raise any federal constitutional issues.  Because Petitioner failed to present the allegations in Ground 6 to the Nevada Supreme Court as a federal constitutional claim, Ground 6 is unexhausted.

**D.     Ground 3**

Ground 3 of Petitioner's federal habeas petition alleges that his 14th Amendment right to due process was violated because there is no law that makes it illegal to record what one can hear with the naked ear in a public place.  Like Ground 6, this ground was presented in a similar fashion

3

1   to the Nevada State courts, but not as a federal constitutional claim.  Because Petitioner presented

2   the allegations in Ground 3 to the Nevada Supreme Court only as a state law claim, it is

3   unexhausted.

4          Federal courts cannot consider petitions containing both exhausted and unexhausted

5   claims.  *Rose v. Lundy,* 455 U.S. 509, 515-516 (1982), 28 U.S.C. § 2254(b), *Szeto v. Rusen,* 709 F.2d

6   1340, 1341 (9th Cir. 1983).  Because Petitioner's federal habeas petition contains both potentially

7   exhausted and unexhausted claims, this court will provide Petitioner with the following two options:

8   Petitioner may elect to (1) voluntarily abandon his unexhausted grounds (Grounds 1, 3, 6, and 7) and

9   proceed on the remaining grounds (Grounds 2, 4, and 5), or (2) voluntarily dismiss the entire

10  petition, without prejudice, to return to state court to exhaust his unexhausted claims.  If Petitioner

11  elects the second option, to return to state court, this court will order this case dismissed without

12  prejudice and administratively closed, but will not enter judgment.  After exhausting his grounds for

13  relief in state court, Petitioner may make a motion to reopen this action under the same case number

14  and before the same undersigned District Judge.  If Petitioner fails to elect one of the two options

15  during the time provided by this order, his case may be dismissed with prejudice.

16         Additionally, Petitioner is advised that it is his burden to demonstrate that all of his

17  claims have been properly exhausted in state court.  Respondents vaguely asserted in their Answer

18  that parts of Grounds 2, 4 and 5 may also be unexhausted.  Although this court's initial review of

19  Grounds 2, 4, and 5 indicates that those grounds appear at first glance to be exhausted, Petitioner

20  should take note that Respondents have not waived the issue of exhaustion on any of the remaining

21  claims.  If Petitioner chooses to abandon Grounds 1, 3, 6, and 7 and proceed on Grounds 2, 4, and 5,

22  it will remain Petitioner's burden to prove to the court that he has properly exhausted those

23  remaining grounds.

24         **IT IS THEREFORE ORDERED** that Petitioner shall have thirty (30) days to do

25  one of the following: (1) inform this court in a sworn declaration that he wishes to formally and

26

4

forever abandon the grounds for relief set out in Grounds 1, 3, 6 and 7 of his federal habeas petition, and proceed only on the remaining grounds for relief; or (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

**IT IS FURTHER ORDERED** that if Petitioner elects to return to state court to exhaust his state court remedies, this case will be dismissed without prejudice and administratively closed, but judgment will not be entered.  After exhausting his state court remedies, Petitioner may file a motion to reopen this case using the same case number and before the same undersigned District Judge.

**IT IS FURTHER ORDERED** that if Petitioner elects to abandon his unexhausted grounds, Respondent shall have thirty (30) days from the date Petitioner serves his declaration of abandonment in which to file an answer or response to Petitioner's remaining grounds for relief. Petitioner shall thereafter have twenty (20) days following service of Respondent's answer in which to file a reply.

**IT IS FURTHER ORDERED** that if Petitioner fails to respond to this order in the time permitted, this case may be dismissed without prejudice.

Dated this 8th day of August, 2006.


_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE